IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 117-024 |
| | ) | |
| STANLEY SPURLEY | ) | |

_____

**O R D E R**

_____

Before the Court is Defendant's motion to dismiss, wherein he argues the current prosecution against him violates the Double Jeopardy Clause of the Fifth Amendment. For the reasons set forth below, the Court **DENIES** Defendant's motion to dismiss. (Doc. no. 19.)

**I.    BACKGROUND**

Count One of the information charges Defendant with DUI on a Military Reservation, in violation of 18 U.S.C. §§ 7, 13 and O.C.G.A. § 40-6-391(a)(1), and alleges in support of this charge as follows:

> On or about the 9th day of February, 2017, in the Southern District of Georgia, the defendant, STANLEY SPURLEY, at a place within the special maritime and territorial jurisdiction of the United States, namely, the Fort Gordon Military Reservation, on land acquired for the use of the United States and under its jurisdiction, was unlawfully driving a moving vehicle while under the influence of alcohol to the extent that it was less safe for him to drive, from alcohol consumed before such driving ended, in violation of Title 18, United States Code, Sections 7 and 13 and the Official Code of Georgia Annotated, Section 40-6-391(a)(1).

(Doc. no 1, pp. 1-2.)  Defendant claims he was also issued a citation for an open container violation arising out of the same occurrence and he paid the fine for the open container violation on March 30, 2017.  (Doc. no. 19, p. 1.)  Defendant entered a not guilty plea before the Court on the DUI charge on July 14, 2017.  (Doc. no. 15.)  In his motion to dismiss, Defendant argues prosecution of the DUI charge following resolution of the open container charge violates the Double Jeopardy Clause of the Fifth Amendment because the charges originated from the same transaction or occurrence.  (Doc. no. 19, pp. 1-2.)  The Government contends there is no Double Jeopardy violation because each charged offense contains essential elements not included in the other charged offense.  (Doc. no. 20, p. 4.)

## II.      DISCUSSION

### A.      Defendant's Motion To Dismiss Fails To Comply With Local Criminal Rule 12.1

Local Criminal Rule 12.1 requires every motion filed in a criminal proceeding to be "accompanied by a memorandum of law citing supporting authorities," and every factual allegation "be supported by a citation to the pertinent page in the existing record . . . ." LCrR 12.1, SDGa.  Defendant's motion contains neither citation to legal authority nor citation to the record for the facts set forth therein.  (See doc. no. 19.)  The burden is on Defendant to allege facts that would, if proven true, entitle him to relief.  United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994).  Generally, where a proper motion is not filed, the Court treats it as a nullity.

**B.    The Subsequent Prosecution of the DUI Charge Does Not Violate the Double Jeopardy Clause**

Even if the motion contained the information required by Rule 12.1, Defendant's motion to dismiss is without merit because prosecution of the DUI charge does not violate the Double Jeopardy Clause.  The Double Jeopardy Clause of the Fifth Amendment states "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ."  U.S. Const. amend. V, cl. 2.  "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof a fact which the other does not."  Blockburger v. United States, 284 U.S. 299, 304 (1932); see also United States v. Hassoun, 476 F.3d 1181, 1185 (11th Cir. 2007).  Where a charged crime contains elements which the other does not, the Double Jeopardy Clause is not violated, even if both charged crimes arise out of the same transaction or occurrence.  United States v. Dixon, 509 U.S. 688, 701-03 (1993); United States v. Dickerson, 567 F. App'x 754, 756 (11th Cir. 2014).

Here, there is no Double Jeopardy violation because the DUI charge contains elements that the open container charge does not.  DUI requires a person to drive or be in physical control of a moving vehicle while under the influence of alcohol to the extent it is less safe for the person to drive.  O.C.G.A.  § 40-6-391(a)(1) (2017).  An open container violation requires a person to possess an open alcoholic beverage container in the passenger area of a motor vehicle on the roadway or shoulder of a public highway.  O.C.G.A. § 40-6-

253(b)(1) (2017).  While DUI requires the person charged to be in control of the vehicle, an open container violation does not.  Likewise, an open container violation requires possession of an open alcoholic beverage container, while DUI does not.  Therefore, the charged crimes each contain elements the other does not, and the DUI charge does not violate the Double Jeopardy Clause.

## III.   CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's motion to dismiss. (Doc. no. 19.)

SO ORDERED this 18th day of August, 2017, at Augusta, Georgia.


_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA